[Crim. No. 973. Second Appellate District, Division Two.—October 9,
1923.]

THE     PEOPLE,     Respondent,     v.     J.     P.     SIMONSEN,
Appellant.

[1] CRIMINAL LAW—CORPORATE SECURITIES ACT—SALE OF PARTNERSHIP
SECURITY WITHOUT PERMIT—EXISTENCE OF PARTNERSHIP—FINDING
—EVIDENCE.—In a prosecution for a violation of the Corporate Se-
curities Act by selling a copartnership "security" without a permit
from the commissioner of corporations so to do, the finding of the
jury that the defendants were partners is final where it is based
on conflicting evidence.

64 Cal. App.—7

[2] ID. — SUBMISSION OF PLAN TO CORPORATION COMMISSIONER — EXCLUSION OF OFFER OF EVIDENCE.—In such prosecution, the trial court properly excluded defendants' offer to prove that they, prior to the time that any securities were sold or offered for sale, had prepared a form of contract for sales, and submitted the same to the corporation commissioner, and that they stated to the corporation commissioner that the plan that they were developing was exactly the same plan that had been successfully employed by a certain person, which latter plan was known to the corporation commissioner and was one whereby said person as an individual sold profit-sharing certificates, and that the corporation commissioner stated that he had been advised that said latter plan had been passed upon by the superior court and that it did not come within his jurisdiction.

[3] CORPORATE SECURITIES ACT—SALE OF CORPORATE STOCKS AND BONDS —CONSTITUTIONALITY OF ACT.—The Corporate Securities Act is constitutional in so far as it forbids the sale without a permit of corporate stocks and bonds.

[4] ID.—DISCRIMINATION BETWEEN CORPORATIONS AND INDIVIDUALS.— To say that the sale of corporate stocks and bonds may be forbidden by law unless a permit to sell them is procured from some duly constituted authority is to say that corporations stand in a class by themselves, as distinguished from individual natural persons, for such persons cannot issue corporate stocks and bonds.

[5] ID.—PARTNERSHIPS AND INDIVIDUALS—DISCRIMINATION—CONSTITUTIONALITY OF ACT.—Partnerships, as distinguished from individual natural persons, may be forbidden from selling securities unless a permit is procured; and the Corporate Securities Act, in prescribing such a prohibition as to partnerships, is not unconstitutional.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carl B. Sturzenacker for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

2. Validity and construction of blue sky law, notes, Ann. Cas. 1916A, 706; Ann. Cas. 1917C, 650; 15 A. L. R. 262; 24 A. L. R. 523.

WORKS, J.—The defendants were convicted of the crime of selling a copartnership "security" without a permit from the commissioner of corporations so to do. Defendant Simonsen appeals from the judgment of conviction and from an order denying his motion for a new trial.

[1] It is contended that defendants were not partners and that, therefore, they are not within the provisions of the Corporate Securities Act (Stats. 1917, p. 673, as amended). There was, however, much evidence at the trial which tended to fasten the partnership relation upon them. In fact, the record is so replete in that regard that it is not worth while here to reproduce the showing made. There was some evidence to the contrary, it is true, but the record presents nothing more than a conflict of evidence upon the question. The jury was, of course, within its province in resolving this conflict as it saw fit and its conclusion upon the subject is final.

At the trial defendants offered to prove that they, "prior to the time that any securities were sold or offered for sale, had prepared the form of contract" for such sales, "that they submitted this form of contract to the Corporation Commissioner— . . . that they stated to the Corporation Commissioner at that time that the plan that they were developing was exactly the same plan that had been successfully employed by one Leighton in San Francisco, which plan was known to the Corporation Commissioner and which plan was a plan whereby one Leighton *as an individual* [italics ours] sold profit sharing certificates . . . and that . . . the Corporation Commissioner stated that he had been advised that the Leighton plan had been passed upon by the Superior Court of San Francisco, and that the Leighton plan did not come within the jurisdiction of the Corporation Commissioner." The court sustained an objection to the offer and appellant insists that the ruling was error. [2] The evidence offered was plainly inadmissible, as defendants were under prosecution as partners and not as individuals. We are not to be understood as indicating that the evidence would have been proper if the "Leighton plan" had been said to be a partnership plan, or if defendants had been under a charge as individuals. In fact, we have recently announced a contrary rule in a case in which one sought to defend against a charge of

violating the Corporate Securities Act by proving that his counsel had advised him in advance that a plan evolved by him and later put into execution would not violate the statute (*People* v. *McCalla,* 63 Cal. App. 783 [220 Pac. 436].)

The securities which may not be sold without a permit from the corporation commissioner under the Corporate Securities Act are those of companies, and the word "company," according to the terms of the act, "includes all domestic and foreign private corporations, associations, joint stock companies, and partnerships, of every kind," certain classes of corporations excepted (sec. 2, subd. 3, as amended, Stats. 1921, p. 1115; Deering's Consol. Supp. to Codes and Gen. Laws, 1917–21, p. 1447). It is contended that the act is unconstitutional in that these provisions amount to class legislation, forbidding, as they do, the commission by partnerships of acts which may be committed with impunity by individuals. It is insisted that in the respect mentioned the enactment discriminates in favor of individuals and against partnerships, and that the latter by it are denied the equal protection of the laws. It is said that partnerships, within the purview of the legislation, cannot properly be segregated from individuals as a class. No authorities are cited to us as bearing directly on either side of this question, and we have found none. [3] It is well settled, however, that legislation of this character is constitutional in so far as it forbids the sale without a permit of corporate stocks and bonds (*Ex parte Taylor,* 68 Fla. 61 [Ann. Cas. 1916A, 701, 66 South. 292]; *State* v. *Agey,* 171 N. C. 831 [88 S. E. 726]; *Standard Home Co.* v. *Davis,* 217 Fed. 904; *Hall* v. *Geiger-Jones Co.,* 242 U. S. 539 [Ann. Cas. 1917C, 643, L. R. A. 1917F, 514, 61 L. Ed. 480, 37 Sup. Ct. Rep. 217]; *Caldwell* v. *Sioux Falls Stock Yards Co.,* 242 U. S. 559 [61 L. Ed. 493, 37 Sup. Ct. Rep. 224]; *Merrick* v. *N. W. Halsey Co.,* 242 U. S. 568 [61 L. Ed. 498, 37 Sup. Ct. Rep. 227]). The question which is kindred to the one here presented is not specifically discussed in any of these cases, it is true. That is, the courts have not in terms passed upon the question whether a corporation may be forbidden constitutionally to do a thing of the nature here in question which an individual is left free to do. Nevertheless, the treatment of the question of the constitutionality of "blue sky laws,"

so called, is so broad and comprehensive in the cases that the specific point may be said to be covered in effect. In truth, the general nature of the rule announced by the cited cases is such that the specific question just mentioned is of necessity answered by them. [4] To say that the sale of corporate stocks and bonds may be forbidden by law, unless a permit to sell them is procured from some duly constituted authority is to say that corporations stand in a class by themselves, as distinguished from individual natural persons, for such persons cannot issue corporate stocks and bonds. [5] We have no difficulty in determining that partnerships may justly be placed in a similar classification. The cases as to corporations are authority upon this latter question, for in general it may with truth be said that the public requires protection against the indiscriminate sale of partnership securities in somewhat the same measure in which it requires protection against a similar sale of corporate securities. One judge has furnished us with language which justifies this statement. In *Bracey* v. *Darst,* 218 Fed. 482, Circuit Judge Woods said in a dissenting opinion: "Frauds or impositions in the sale of securities are not usually effected by sale to the public of the obligation of a single individual. Usually an organization is effected of two or more persons under an organization name to give the appearance of greater responsibility and to make such responsibility more illusory. When the whole or a constituent part of the business, either as a temporary measure or a permanent enterprise, is to raise money by the sale of the securities of such an organization to the public—that is, to anyone who will buy, I am unable to find any ground for holding that the state may not in the exercise of its police power provide for such examination into the business of the organization as is reasonably necessary to protect its citizens against imposition."

Our own supreme court has determined that the Corporate Securities Act is constitutional in the respect that it forbids the sale without a permit of the securities of common-law trust companies (*In re Girard,* 186 Cal. 718 [200 Pac. 593]). This conclusion was reached under a contention that the enactment discriminates against such companies and in favor of trusts created by will or by order of court in a judicial

proceeding. The court said in its opinion: "We are satisfied that there is no just ground for declaring this to be an improper discrimination. We cannot declare a law unconstitutional in the matter of discrimination unless there is no rational doubt that it improperly discriminates between persons similarly situated. We must presume that the legislature made inquiry to determine whether or not there were evils which required regulation, and that upon such inquiry it was ascertained that the mischief sought to be corrected was being done under the form of trusts created by private individuals and not under the form of testamentary trusts or trusts declared in judicial proceedings." These views have a cogent application to the question which is now before us. We must presume, nothing suggesting itself to the contrary, that the legislature ascertained, as to the subject matter of the statute now in question, that a mischief sought to be corrected was being done through the sale of partnership securities and not through the sale of securities issued by individual natural persons. This is in addition to the view, already expressed, that we ourselves can see a propriety in the segregation of partnerships, as a class, from individuals, for the purposes of the law. We are of the opinion that the statute is not unconstitutional in the respects claimed by appellant.

Other questions are presented by appellant, but they do not merit a specific consideration.

The judgment and the order denying the motion for a new trial are affirmed.

Finlayson, P. J., and Craig, J., concurred.